**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MICHAEL R. TYLER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:17-cv-02275-RFB-EJY

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Michael R. Tyler's Motion for Remand/Reversal, ECF No. 19, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 20.

For the reasons discussed below, the Court finds that the ALJ's opinion contains legal error that is not harmless. Therefore, the Court grants Plaintiff's motion and remands to Defendant for further proceedings.

## II. BACKGROUND

On September 3, 2013, Plaintiff completed an application for disability insurance benefits alleging disability since July 1, 2013. AR 14. Plaintiff was denied initially on February 3, 2014 and upon administrative reconsideration on October 8, 2014. AR 14. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on December 22, 2015. AR 14, 35-75. In an opinion dated February 26, 2016, ALJ Cynthia R. Hoover found Plaintiff not disabled. AR 14–27. The Appeals Council denied Plaintiff's request for review on June 29, 2017, rendering the ALJ's decision final. AR 5–7.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of July 1, 2013. AR 16. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, type 2 diabetes mellitus, essential hypertension, peripheral neuropathy, and a depressive disorder with anxiety. AR 16. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 17–19.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand and walk 4 hours and sit 6 hours in an 8-hour day; can occasionally climb ramps and stairs, stoop, kneel, crouch and crawl; can never climb ladders, ropes or scaffolds; and must avoid concentrated exposure to extreme cold and hazards. AR 20–25. Based on this RFC, the ALJ found at step four that Plaintiff is capable of performing his past relevant work as a substitute teacher. AR 25. In the alternative, the ALJ found at step five that Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy such as office helper (DOT section 239.567-010), mail clerk (DOT section 209.687-026), and information clerk (DOT section 237.367-018).

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

/ / /

person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When reviewing the assignment of weight and resolution conflicts in medical testimony, the 9th Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. A treating physician's opinion is still owed deference if contradicted and is often "entitled to the greatest weight . . . even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ errs when she fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012–13.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four, though the ALJ made findings that resolve Plaintiff's claim at step five in the alternative.

**IV. DISCUSSION**

**A. Mental Functional Restrictions in RFC Findings**

Plaintiff first argues that the ALJ erred in failing to include his mental functional restrictions in his RFC. The Court agrees and finds that the RFC is incorrect as a matter of law because it is inconsistent with the ALJ's own findings.

The ALJ found at step two that Plaintiff has a depressive disorder with anxiety which rises to the level of a severe medically determinable impairment. AR 16. A medical determinable impairment is severe only if it "significantly limit[s]" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). "If an ALJ finds a severe impairment at step two, that impairment must be considered in the remaining steps of the sequential analysis." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

Despite making these findings, the ALJ erroneously did not incorporate any mental functional restrictions in the hypothetical provided to the vocational expert and later adopted as the RFC finding in the opinion. "Hypothetical questions posed to a vocational expert must set out *all* the limitations and restrictions of the particular claimant." Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991) (emphasis in original). A claimant's RFC must include even impairments that *do not* rise to the level of "severe" at step two. 20 C.F.R. § 404.1545(a)(2); see also SSR 96-8p (explaining why even non-severe limitations can "be critical to the outcome of the claim"). Here, the ALJ failed to incorporate any mental functional limitations in the RFC, even though the ALJ did find that Plaintiff has a depressive disorder with anxiety at step two and therefore

///

necessarily found that Plaintiff was significantly limited in his mental ability to do basic work activities.

The Court finds that this error was not harmless. If the hypothetical posed to the vocational expert does not include all of a claimant's mental functional limitations, the testimony of the vocational expert cannot be considered reliable. Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002). The Ninth Circuit has held that such testimony "has no evidentiary value." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)). Because the vocational expert's testimony that Plaintiff could perform both past relevant work and other work available in significant numbers in the national economy was based on an erroneous RFC, the Court finds that this testimony is of no evidentiary value.

**B. Evaluation of Dr. Fabella-Hick's and Dr. Skewis's Opinions**

Plaintiff next argues that the ALJ erred in failing to adopt limitations endorsed by the opinions of Dr. Fabella-Hicks and Dr. Skewis. The Court agrees that, having given "great weight" to these opinions, the ALJ was required to either incorporate the severe mental limitations described in these opinions into the RFC or provide a specific and legitimate reason for declining to do so.

The ALJ gave "great weight" to the opinions of Dr. Fabella-Hicks and Dr. Skewis. AR 22. However, both Dr. Fabella-Hicks and Dr. Skewis found that Plaintiff had notable mental limitations. Dr. Fabella-Hicks assessed poor short-term memory, delayed memory, and abstract reasoning. AR 546, 548. She found that, while Plaintiff was cognitively capable of performing an extensive variety of tasks with complex instructions, Plaintiff would have difficulty with consistent and sustained performance carrying out even simple one- or two-step instructions due to his mental health symptoms. AR 547, 548. Similarly, Dr. Skewis found that Plaintiff was markedly limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 104. Though the ALJ recited some of the mental limitations found in Dr. Fabella-Hicks's opinion, AR 22, the ALJ failed to incorporate them to any degree in the RFC. Though the ALJ reasoned that Dr. Fabella-Hicks predicted an improved prognosis if

Plaintiff received mental health treatment, the ALJ did not provide a specific and legitimate reason for adopting none of the mental limitations found by Dr. Fabella-Hicks in Plaintiff's RFC. Cf. Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1196, 1202 (9th Cir. 2008) (finding that an erroneously rejected physician's opinion required a finding of disability, even though the physician's prognosis was that the claimant was "treatable" and "likely to improve," because the physician's assessment at the time was that the claimant could not maintain a regular work schedule). Additionally, the ALJ neither acknowledged nor incorporated the severe pacing limitation found by Dr. Skewis, and therefore provided no specific and legitimate reason for rejecting the limitation.

As above, the Court finds that this error was not harmless. Because the mental limitations endorsed by Dr. Fabella-Hicks and Dr. Skewis were not incorporated in Plaintiff's RFC, the vocational expert's testimony regarding available jobs has no evidentiary value.

**C. Application of the Grids**

Plaintiff lastly argues that the ALJ erroneously declined to apply the Medical-Vocational Guidelines ("the Grids") in evaluating his disability at step five. The Court finds that the ALJ did not err in her analysis of the Grids as applied to Plaintiff.

Plaintiff became a person "closely approaching advanced age" pursuant to 20 C.F.R. Section 404.1563(d) on May 15, 2015. If Plaintiff is limited to sedentary work, the Grids direct a finding that he is disabled; if Plaintiff can perform the full range of light work, the Grids direct a finding of non-disability. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rules 201.14 & 202.14. Because the ALJ found that Plaintiff's RFC was less than the full range of light work, the ALJ was required to "consider the extent of any erosion of the occupational base and access its significance." SSR 83-12. The Grids would justify a non-disability finding "if the exertional capacity is significantly reduced in terms of the regulatory definition" such that "it could indicate little more than the occupational base for the lower rule." Id. To "the extent of erosion of the occupational base [was] not clear," the adjudicator was required to consult a vocational resource. Id.

/ / /

1  The Court finds that the ALJ complied with these regulations.  She acknowledged that the Grids directed a finding of "not disabled" if Plaintiff could perform the full range of light work, however, she found that Plaintiff ability to perform all or substantially all of the requirements of light work was impeded.  AR 26.  She therefore consulted the vocational expert and determined that Plaintiff could perform work that exists in significant numbers in the national economy.  The Court therefore finds that the ALJ did not err in her consideration of the Grids.

### D. Remand for Benefits

The Ninth Circuit has established that where no outstanding issues need be resolved, and where the ALJ would be required to award benefits on the basis of the record if the improperly discredited evidence were credited as true, the Court will remand for an award of benefits.  See Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988).  The Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020 (9th Cir. 2014).

The Court finds that the record is underdeveloped and that further administrative proceedings would serve a useful purpose.  Because the RFC provided to the vocational expert is incomplete, the vocational expert's testimony has no evidentiary value, and the Court has an incomplete administrative record upon which to determine Plaintiff's disability status.  The Court therefore remands for further proceedings and not an award of benefits.

On remand, the ALJ is instructed to include Plaintiff's mental function limitations in the RFC finding.  Specifically, the ALJ is instructed to incorporate mental limitations consistent with those observed in the opinions of Dr. Fabella-Hicks and Dr. Skewis, to which the ALJ gave great weight.  The ALJ is then instructed to obtain new vocational expert testimony and to conduct a renewed analysis at step four and if relevant at step five.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand/Reversal (ECF No. 19) is GRANTED and Defendant's Cross-Motion to Affirm (ECF No. 20) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for additional proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED**: September 6, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**